IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH LYNN MOORE,

        Plaintiff,

    v.

KAMALA D. HARRIS, et al.,

        Defendants.

No C-14-1370 TEH (PR)

ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND

(Docket Nos. 3, 4)

        Plaintiff, an inmate at California State Prison – Solano, filed this pro se civil action under 42 U.S.C. § 1983, seeking the release and testing of potentially exculpatory biological evidence in the possession and control of officers of the State of California, Alameda County, and Santa Clara County.  Plaintiff's request to proceed IFP will be granted in a separate order.  His complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

        Plaintiff is currently serving a life sentence imposed by the Alameda County Superior Court in 1980 after he and his brother, David Moore, were convicted of serious crimes arising from ten separate incidents that occurred in Northern California in August 1978.  Among the offenses for which both Plaintiff and his brother were convicted was the rape of "Linda S." in a San Jose motel room on August 11, 1978.  Although Plaintiff now admits to having

committed one of the offenses for which he was tried and convicted, the theft of a pickup truck from a Los Altos, California auto dealership, he maintains that he is innocent of the remaining offenses, including the rape of Linda S.

Seeking to establish his innocence, Plaintiff brought a prior action in this court, <u>Moore v. Lockyer</u>, Case No. C 04-1952 MHP, seeking the release of DNA evidence collected by Santa Clara County during the course of the investigation into Linda S.'s rape. On September 23, 2005, this court dismissed the prior action under California's issue preclusion law, finding that the state court, in 2002, had already determined there was no reasonable probability that access to DNA evidence would have affected the outcome of Plaintiff's criminal proceedings.  The Ninth Circuit Court of Appeals affirmed.  <u>Moore v. Brown</u>, No. 06-15016, 2008 WL 4430338 (unpublished memorandum disposition).

Plaintiff states that he does not, by way of the instant action, attempt to re-litigate the claims in his earlier federal court action.  Rather, Plaintiff states that the claims herein are based on events that occurred subsequent to the conclusion of his earlier action.

Specifically, Plaintiff alleges that in early 2012 he obtained pro bono counsel, Kelley Fleming.  Ms. Fleming secured a verbal agreement with the Santa Clara County Crime Laboratory ("SCCCL") to test a DNA swab collected from Linda S. in 1978, following the rape.  Plaintiff alleges the swab was tested in June 2012, revealing DNA from three individuals – two male, and one

2

female.  When compared against the DNA samples extracted from Plaintiff, he was eliminated as a contributor; however, so was the victim.

Plaintiff alleges that these findings "created a dilemma" for SCCCL and "sparked much debate between [Plaintiff's counsel] and SCCCL staff attorneys and lab technicians."  Plaintiff further alleges that in the subsequent months, SCCCL refused to meet and confer with Plaintiff's counsel and "abruptly canceled any further meetings."  According to the complaint, "defendants at SCCCL verbally admitted [] that they tested the wrong evidence."  Plaintiff alleges that the only logical inference is that there has been "tampering" or "falsification/fabrication" of the DNA swab.

Plaintiff also refers to requests for appointment of counsel he made in Alameda County Superior Court in February 2013 and June 2013.  Both were decided by Alameda County Superior Court Judge Larry J. Goodman, who also decided Plaintiff's 2002 state court action seeking access to DNA evidence, as mentioned above.  Plaintiff states that Judge Goodman approved his June 2013 request for counsel in state court.  Plaintiff offers no further information on the status of any current state court proceedings.

Plaintiff alleges that the DNA testing that was done was not properly done, that some evidence was lost or contaminated, and that other pieces of evidence should have been tested.  Plaintiff claims that Defendants' failure to properly test and/or release the biological evidence in his criminal case violates his Fourteenth Amendment right to due process and equal protection.  Plaintiff also

3

alleges state law violations.

## II

### A

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act

4

or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.

### B

The claims for a right to DNA testing must be dismissed based on District Attorney's Office For The Third Jud. Dist. v. Osborne, 129 S. Ct. 2308 (2009), in which the United States Supreme Court held that there was no federal constitutional right to obtain post-conviction access to the State's evidence for DNA testing. The Fourteenth Amendment's Due Process Clause limits a State's power to take away life, liberty or property, without procedural protections. See id. at 2319. The person claiming a due process violation with regard to postconviction DNA testing must show he has a protected liberty interest "to prove his innocence even after a fair trial has proved otherwise." Id. The Court found that Osborne, a prisoner under judgment of the State of Alaska, had a liberty interest in demonstrating his innocence with new evidence under Alaska state law (thus satisfying the requirement that there be a protected liberty interest) but did not show that the Alaska state procedural protections attendant to that liberty interest were constitutionally inadequate. See id. at 2319-20. The Court also rejected the argument that Osborne had a freestanding substantive due process right to DNA evidence. Id. at 2322-23.

The Court explained its analysis of Osborne's

5

procedural due process claim in depth.  As a result of his conviction, Osborne had a lesser liberty interest than a criminal defendant who had not yet been convicted, and the State correspondingly had more flexibility in deciding what procedural protections to afford in the context of postconviction relief than in the context of a criminal trial. See id. at 2320.  The question thus was "whether consideration of Osborne's claim within the framework of the State's procedures for postconviction relief 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" Id. (quoting Medina v. California, 505 U.S. 437, 446, 448 (1992)).  The Court concluded that there was "nothing inadequate about the procedures Alaska has provided to vindicate its state right to postconviction relief in general, and nothing inadequate about how those procedures apply to those who seek access to DNA evidence." Osborne, 129 S. Ct. at 2320.  Alaska law had provided a substantive right to be released on a compelling showing of new evidence establishing innocence, exempted those claims from statutory time limits, allowed for discovery including access to DNA evidence upon certain conditions, and used procedures similar to other jurisdictions' procedures for requesting DNA testing.  See id. Alaska also may have provided an additional right of access to DNA evidence using a three-part test for those who could not

6

obtain relief under the general postconviction procedures. Id. at 2321.  Because it was the burden of the person seeking DNA evidence "to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief," and Osborne had not done so, he had not shown a procedural due process violation.  Id.

Applying Osborne to Plaintiff's DNA evidence claim proves fatal to his case.  For Plaintiff to be able to state a claim for a due process violation relating to the DNA evidence, he must show (1) the existence of a protected liberty interest and (2) that California's procedures for protecting that interest violate a fundamental principle of justice or are fundamentally unfair.  This court will assume without deciding that there is a liberty interest, i.e., that California state law provides a right comparable to that in Alaska to be released upon a compelling showing of actual innocence based on newly discovered DNA evidence.  See generally Cal. Penal Code § 1485 (providing for discharge from custody upon petition for writ of habeas corpus when there is no legal cause for petitioner's imprisonment or restraint); In re Weber, 11 Cal.3d 703, 724 (Cal. 1974) (newly discovered evidence does not warrant relief "unless (1) the new evidence is conclusive, and (2) it points unerringly to innocence").  But making that assumption only leads one to the second half of the due process analysis.

The second thing Plaintiff must show is that the

7

consideration of his claim within the framework of California's DNA access procedures in California Penal Code § 1405 "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" Osborne, 129 S. Ct. at 2320 (citation omitted). Plaintiff has not done so, nor could he. California Penal Code § 1405 provides an elaborate scheme under which a person in prison may seek and obtain DNA testing of evidence. The statute provides for a written motion to be made by a person seeking performance of DNA testing (§ 1405(a)); sets forth the particular showing that the movant must make (§ 1405(c)(1)); provides for the appointment of counsel to assist an indigent movant (§ 1405(b)); provides for notice to the prosecutorial authority and an opportunity to be heard (§ 1405(c)(2)); allows disclosure of results from tests already performed (§ 1405(d)); allows for a hearing on the motion (§ 1405(e)); provides criteria under which the court "shall grant the motion for DNA testing" (§ 1405(f)); provides that, if testing is allowed, the court "shall identify the specific evidence to be tested and the DNA technology to be used" (§ 1405(g)(1)); describes a procedure for selecting the laboratory at which testing will be done (§ 1405(g)(2)); describes how costs will be allocated and allows for costs not to be allocated to an indigent inmate (§ 1405(i)); provides for judicial review by petition for writ of mandate or

8

prohibition (§ 1405(j)); provides for testing "as soon as practicable" unless the court orders it expedited (§ 1405(k); and provides that the right to file such a motion is absolute and not waivable (§ 1405(m)).  Plaintiff has not alleged anything to indicate that the consideration of his DNA testing claim within the framework of § 1405 would offend some fundamental principle of justice or would be fundamentally unfair.

It appears that Plaintiff believes the more recent Supreme Court decision in Skinner v. Switzer, 131 S.Ct. 1289 (2011), constitutes a change in law which allows him to obtain new DNA testing.  Plaintiff misunderstands Skinner.  The plaintiff in Skinner had twice petitioned the Texas state courts for DNA testing under a Texas statute that allowed prisoners to obtain postconviction DNA testing in limited circumstances.  Skinner, 131 S.Ct. at 1295.  Following the denial of his state court requests, Skinner filed a Section 1983 action alleging that Texas state courts had violated his due process rights in construing Texas' postconviction DNA statute to find that he was not entitled to postconviction DNA testing.  Id. at 1295-96.  The district court dismissed Skinner's suit stating that actions by prisoners for post-conviction DNA testing must be brought in habeas corpus.  The United States Court of Appeals for the Fifth Circuit affirmed the dismissal on those grounds.

The Supreme Court reversed the Fifth Circuit's judgment, holding that postconviction requests for DNA

9

1 evidence are cognizable in Section 1983 actions.  Id. at 1298.
2 The Supreme Court specified that it was not addressing the
3 merits of Skinner's federal court complaint, but "only
4 [addressing] the questions whether there is federal-court
5 subject-matter jurisdiction over Skinner's complaint, and
6 whether the claim he presses is cognizable under § 1983."  Id.
7 at 1297.  Skinner confirms that Plaintiff may bring his suit
8 seeking post-conviction DNA testing in a Section 1983 claim.
9 It does not, however, hold that there is a substantive due
10 process right to post-conviction DNA testing.  Accordingly,
11 Plaintiff's due process claim is dismissed.  Leave to amend will not
12 be granted because it would be futile.

13         Plaintiff also alleges an equal protection violation by
14 asserting that Defendants acted to deprive Plaintiff of access to
15 evidence and proper DNA testing specifically because Plaintiff is
16 African-American.  "The Equal Protection Clause of the Fourteenth
17 Amendment commands that no State shall 'deny to any person within
18 its jurisdiction the equal protection of the laws,' which is
19 essentially a direction that all persons similarly situated should
20 be treated alike."  City of Cleburne v. Cleburne Living Center, 473
21 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216
22 (1982).  A plaintiff alleging denial of equal protection under
23 section 1983, therefore, must prove purposeful discrimination by
24 demonstrating that he "receiv[ed] different treatment from that
25 received by others similarly situated" and that the treatment
26 complained of was under color of state law.  Van Pool v. City and
27
28                              10

1  County of San Francisco, 752 F. Supp. 915, 927 (N.D. Cal. 1990)
2  (citations omitted).

3      Plaintiff's equal protection claim is deficient.  Section
4  1405 is a state law that applies to everyone in California who seeks
5  DNA evidence after conviction.  Other than Plaintiff's conclusory
6  references to Defendants' alleged race bias and American racial
7  history, there is no allegation or indication that Plaintiff was
8  treated differently from other similarly situated individuals.
9  Accordingly, Plaintiff's equal protection claim is dismissed.  In
10 the interest of justice, Plaintiff will be given leave to amend for
11 him to allege, if he truthfully can, that he is being treated
12 differently from similarly situated persons.

13      Finally, Plaintiff alleges that Defendants, in allegedly
14 tampering with evidence and conspiring to conceal evidence, have
15 violated California Penal Code §§ 132 and 182.  The claims are not
16 cognizable here because there is no private right of action for the
17 violation of criminal statutes.  Allen v. Gold Country Casino, 464
18 F.3d 1044, 1048 (9th Cir. 2006).  Accordingly, Plaintiff's state law
19 claims are dismissed.  Leave to amend will not be granted because it
20 would be futile.

21      To the extent Plaintiff alleges errors in the state court
22 DNA proceedings, Plaintiff is advised that federal district courts
23 may not review the final determinations of a state court
24 because federal district courts are courts of original
25 jurisdiction.  See District of Columbia Court of Appeals v.
26 Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust

11

Co., 263 U.S. 413, 415-16 (1923).  The Rooker-Feldman doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  Plaintiff's arguments must be pursued, if at all, in the California appellate courts.

III

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's due process and state law claims are DISMISSED without leave to amend.

2.  Plaintiff's equal protection claim is DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT.  The amended complaint must be simple, concise and direct, and state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's equal protection rights.  See Leer, 844 F.2d at 634.  Plaintiff must also describe the status of any current state court proceedings relating to his request for DNA evidence.  The pleading must include the caption and civil case number used in this order (C 14-1370 TEH (PR)) and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper First Amended Complaint within twenty-eight days of this Order will result in the dismissal of this action without prejudice.

3.  Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings.  Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See Lacey v. Maricopa County,

693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

4. It is Plaintiff's responsibility to prosecute this action. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Plaintiff's motions for preservation of evidence and for appointment of counsel (see docket nos. 4 & 5) are DENIED without prejudice to renewing if his amended complaint is found to contain a cognizable claim for relief and ordered served.

6. The Clerk shall mail to Plaintiff a civil rights complaint form.

This Order terminates docket numbers 4 and 5.

IT IS SO ORDERED.

DATED   07/01/2014

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.14\Moore 14-1370 dwla.wpd

13