IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH LYNN MOORE,

        Plaintiff,

    v.

KAMALA D. HARRIS, et al.,

        Defendants.
_____/

No C-14-1370 TEH (PR)

ORDER OF DISMISSAL

I

Plaintiff, an inmate at California State Prison – Solano, filed this pro se civil action under 42 U.S.C. § 1983, seeking the release and testing of potentially exculpatory biological evidence in the possession and control of officers of the State of California, Alameda County, and Santa Clara County. Plaintiff's original complaint was dismissed with leave to amend and he has filed an amended complaint.

Plaintiff is currently serving a life sentence imposed by the Alameda County Superior Court in 1980 after he and his brother, David Moore, were convicted of serious crimes arising from ten separate incidents that occurred in Northern California in August 1978. Among the offenses for which both Plaintiff and his brother were convicted was the rape of "Linda S." in a San Jose motel room on August 11, 1978. Although Plaintiff now admits to having committed one of the offenses for which he was tried and convicted,

the theft of a pickup truck from a Los Altos, California auto dealership, he maintains that he is innocent of the remaining offenses, including the rape of Linda S.

Seeking to establish his innocence, Plaintiff brought a prior action in this court, Moore v. Lockyer, Case No. C 04-1952 MHP, seeking the release of DNA evidence collected by Santa Clara County during the course of the investigation into Linda S.'s rape. On September 23, 2005, this court dismissed the prior action under California's issue preclusion law, finding that the state court, in 2002, had already determined there was no reasonable probability that access to DNA evidence would have affected the outcome of Plaintiff's criminal proceedings. The Ninth Circuit Court of Appeals affirmed. Moore v. Brown, No. 06-15016, 2008 WL 4430338 (unpublished memorandum disposition).

Plaintiff states that he does not, by way of the instant action, attempt to re-litigate the claims in his earlier federal court action. Rather, Plaintiff states that the claims herein are based on events that occurred subsequent to the conclusion of his earlier action.

Specifically, Plaintiff alleges that in early 2012 he obtained pro bono counsel, Kelley Fleming. Ms. Fleming secured a verbal agreement with the Santa Clara County Crime Laboratory ("SCCCL") to test a DNA swab collected from Linda S. in 1978, following the rape. Plaintiff alleges the swab was tested in June 2012, revealing DNA from three individuals – two male, and one female. When compared against the DNA samples extracted from

2

Plaintiff, he was eliminated as a contributor; however, so was the victim.

Plaintiff alleges that these findings "created a dilemma" for SCCCL and "sparked much debate between [Plaintiff's counsel] and SCCCL staff attorneys and lab technicians." Plaintiff further alleges that in the subsequent months, SCCCL refused to meet and confer with Plaintiff's counsel and "abruptly canceled any further meetings." According to the complaint, "defendants at SCCCL verbally admitted [] that they tested the wrong evidence." Plaintiff alleges that the only logical inference is that there has been "tampering" or "falsification/fabrication" of the DNA swab.

Plaintiff also refers to requests for appointment of counsel he made in Alameda County Superior Court in February 2013 and June 2013. Both were decided by Alameda County Superior Court Judge Larry J. Goodman, who also decided Plaintiff's 2002 state court action seeking access to DNA evidence, as mentioned above. Plaintiff states that Judge Goodman approved his June 2013 request for counsel in state court. Plaintiff offers no further information on the status of any current state court proceedings.

Plaintiff alleges that the DNA testing that was done was not properly done, that some evidence was lost or contaminated, and that other pieces of evidence should have been tested. Plaintiff claims that Defendants' failure to properly test and/or release the biological evidence in his criminal case violates his Fourteenth Amendment right to due process and equal protection. Plaintiff also alleges state law violations.

3

The Court, in the initial review order, analyzed Plaintiff's due process and state law claims in detail and dismissed the claims with prejudice. See Docket No. 6. Plaintiff's equal protection claim was dismissed with leave to amend. Plaintiff has filed an amended complaint.

## II

### A

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v.

4

Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633.

B

Plaintiff alleges an equal protection violation by asserting that Defendants acted to deprive Plaintiff of access to evidence and proper DNA testing specifically because Plaintiff is African-American. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982). A plaintiff alleging denial of equal protection under section 1983, therefore, must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated" and that the treatment complained of was under color of state law. Van Pool v. City and County of San Francisco, 752 F. Supp. 915, 927 (N.D. Cal. 1990) (citations omitted).

Plaintiff was provided leave to amend because he only presented conclusory allegations of Defendants' alleged race bias and American racial history. There were no allegation or indication

5

that Plaintiff was treated differently from other similarly situated individuals.  Plaintiff has failed to cure these deficiencies in the amended complaint.  Plaintiff again only presents brief conclusory allegations that there was an equal protection violation because he is African-American but fails to describe how other similarly situated individuals were treated differently.

In order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  <u>Id</u>. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of <u>Twombly</u>: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

Plaintiff's brief allegations without support do not plausibly demonstrate an equal protection violation.  Therefore, the claim is dismissed.  Because Plaintiff has already been provided leave to amend and because allowing further amendment would be futile, this

claim is dismissed with prejudice.[1]

III

For the reasons set forth above, Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim. The clerk should deny all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED     03/11/2015

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.14\Moore1370.dis.wpd

---

[1] The Court denies Plaintiff's request to take judicial notice of the articles attached to his supplemental brief. The articles do no relate to his allegations of an equal protection violation regarding the DNA testing.

7